1  Robert S. Besser, State Bar No. 46541
   Christopher Chapin, State Bar No. 112608
2  LAW OFFICES OF ROBERT S. BESSER
   1221 Second Street  Suite 300
3  Santa Monica, California 90401
   rsbesser@aol.com
4  christopherchapin@aol.com
   Tel: (310) 394-6611 Fax: (310) 394-6613
5
   Attorneys for Plaintiff
6  VMG SALSOUL, LLC

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  VMG SALSOUL, LLC, a Delaware          Case No.   CV-14-2212
    limited liability company,
12                                        COMPLAINT FOR COPYRIGHT
                                          INFRINGEMENT
13         Plaintiff,
    vs.                                   DEMAND FOR JURY TRIAL
14  RICHARD MELVILLE HALL pka
    MOBY, an individual; KNITTING
15  FACTORY RECORDS, INC., a New York
    corporation; SONY/ATV MUSIC
16  PUBLISHING, LLC, a Delaware limited
    liability company; WARNER MUSIC
17  GROUP CORP. a Delaware corporation;
    and DOES 1 through 10, inclusive.
18
           Defendants.
19  _____/

20

21         Plaintiff VMG SALSOUL, LLC, for its Complaint against Defendants, and

22  each of them, alleges as follows:

23                              PARTIES

24         1.    Plaintiff VMG SALSOUL, LLC ("VMG") is a limited liability

25  company organized and existing pursuant to the laws of Delaware.

26         2.    On information and belief, Defendant RICHARD MELVILLE HALL

27  ("MOBY") is an individual resident of the State of California.

28

                                   -1-

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND JURY TRIAL DEMAND

1     3.     Defendant KNITTING FACTORY RECORDS, INC. is a corporation
2  organized and existing pursuant to the law of the State of New York.

3     4.     Defendant SONY/ATV MUSIC PUBLISHING LLC is a limited
4  liability company organized and existing pursuant to the State of Delaware.

5     5.     Defendant WARNER MUSIC GROUP CORP. is a corporation
6  organized and existing pursuant to the laws of Delaware with a principal place of
7  business located within this district.

8     6.     The names, residences and capacities of the Defendants named herein
9  as DOES 1 through 10 are unknown to Plaintiff at this time.  Plaintiff is informed
10  and believes, and thereon alleges, that each of the fictitiously named Defendants is
11  in some way liable, jointly and severally, to Plaintiff for the damages alleged
12  herein, either together with, or independently of, each other Defendant.  At such
13  time as the fictitiously named Defendants are identified, Plaintiff will amend this
14  Complaint to state each of their true names, capacities and residences.

15     7.     At all material times, each Defendant acted as the agent and/or
16  principal of each other Defendant and each is equally liable for the wrongful acts
17  of the other.

18                    JURISDICTION AND VENUE

19     8.     Subject matter jurisdiction is invoked pursuant to 28 U.S.C. §§1331
20  and 1338 because this action is based on federal copyright law.

21     9.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2)
22  because the infringement occurred in this district and pursuant to 28 U.S.C.
23  §1392(b)(3) because at least one defendant resides in this district.

24                   COMMON FACTUAL ALLEGATIONS

25  The Infringed Song

26     10.     VMG is a one-third owner, by recorded assignment from its
27  predecessor-in-interest, Salsoul Records, of the copyright in the composition of
28

1    the song entitled "Let No Man Put Asunder" performed by First Choice.

2    The Infringing Songs

3          11.    The song entitled "Next is the E" performed by Moby was released in

4    1992. "Next is the E" contains samples from "Let No Man Put Asunder" which

5    were neither authorized nor licensed.

6          12.    The song entitled "Thousand" performed by Moby was released in

7    1992. "Thousand" also contains unauthorized samples from "Let No Man Put

8    Asunder."

9                            FIRST CLAIM FOR RELIEF

10                   (Copyright Infringement Against All Defendants)

11         13.    Plaintiff repeats and incorporates by reference the allegations

12   contained in Paragraphs 1 through 12 above, as though fully set forth.

13         14.    Defendants, and each of them, have infringed the copyright in the

14   composition of "Let No Man Put Asunder" by incorporating portions of it into

15   "Next is the E" and "Thousand" without authorization.  Defendants have

16   published, manufactured, distributed, sold and licensed copies of "Next is the E"

17   and "Thousand" incorporating substantial portions of "Let No Man Put Asunder."

18   Defendants never secured authorization for the use of "Let No Man Put Asunder"

19   in "Next is the E" or "Thousand."

20         15.    Defendants have continuously sold and otherwise exploited "Next is

21   the E" and "Thousand" since they were first released in 1992.

22         16.    As a direct and proximate result of Defendants' infringement,

23   Plaintiff is entitled to its actual damages in addition to Defendants' profits that are

24   attributable to the copyrighted material; alternatively, Plaintiff is entitled to

25   statutory damages for infringement in the maximum statutory amount allowed.

26         17.    Defendants' conduct was willful with full knowledge of and complete

27   disregard for Plaintiff's rights.  If Plaintiff should elect to pursue statutory

28

-3-

1   damages, Plaintiff will also seek an increased award of the maximum of
2   $150,000.00 per infringement based on Defendants' willful infringement.

3         18.    As a direct and proximate result of Defendants' infringement,
4   Plaintiff has incurred attorneys' fees and costs, in an amount according to proof,
5   which are recoverable under the provisions of 17 U.S.C. §505.

6         WHEREFORE, Plaintiff prays for relief as follows:

7         1.    For all damages suffered by Plaintiff and Defendants' profits which
8   are attributable to the use of the musical composition of "Let No Man Put
9   Asunder" according to proof; or alternatively, for statutory damages for willful
10  infringement of $150,000 per infringement;

11        2.    For a permanent injunction against Defendants, and each of them,
12  preventing them from further manufacture, distribution, selling or otherwise
13  exploiting or profiting in any way from the use of "Next is the E" or "Thousand."

14        3.    For reasonable attorneys' fees pursuant to 17 U.S.C. 505;

15        4.    For costs of suit incurred herein; and

16        5.    Such other or further relief as the Court may deem just and proper.

17  Dated:   March 21, 2014

18  LAW OFFICES OF ROBERT S. BESSER

19  By _____
20      ROBERT S. BESSER
    Attorneys for Plaintiff VMG SALSOUL, LLC
21

22

23

24

25

26

27

28

-4-

1                            <u>DEMAND FOR JURY TRIAL</u>

2        Plaintiff, VMG Salsoul, LLC hereby demands a trial by jury in the above

3 matter.

4 Dated:   March 21, 2014

5 LAW OFFICES OF ROBERT S. BESSER

6 By

7      ROBERT S. BESSER
     Attorneys for Plaintiff VMG SALSOUL, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND JURY TRIAL DEMAND